USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/9/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDAN RANDOLPH,

     Plaintiff,

   -against-

NYS GOVERNOR, KATHY HOCHUL; NYS
D.O.C.C.S. COMMISSIONER, DANIEL F.
MARTUSCELLO III; NYS CORRECTION
OFFICER & POLICE OFFICER
BENEVOLENT ASSOCIATION PRESIDENT,
CHRIS SUMMER; SING SING
CORRECTIONAL FACILITY
SUPERINTENDENT, MARILYN KOPP;
CORRECTIONAL FACILITY SERGEANT,
JOHN DOE/JANE DOE; C.O. JANE MILLER;
C.O. JANE BOONE; C.O. JANE JAMES; C.O.
JANE MONROE; C.O. JANE GREEN; C.O.
JANE BARNETT; C.O. JANE GARLAND;
C.O. JANE FORD; C.O. JANE LEWIS; C.O.
JANE CALDWELL; C.O. JANE CHANCE;
C.O. JANE WALKER; C.O. JANE VARGAS;
C.O. JANE SLATER; C.O. JANE
ENCARNACION; C.O. CELESTE RACHEL
JANNIERRE; C.O. JOHN DOE, MESSHALL
CIVILIAN COOKS, JOHN DOE/JANE DE,

     Defendants.

26-CV-0719 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

  Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated March 5, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth below, the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court (1) dismisses Plaintiff's claims against Defendants Martuscello, Summer, and Kopp; (2) directs service on the remaining named defendants; and (3) directs the New York State Department of Corrections and Community Supervision ("DOCCS") to assist in identifying the John and Jane Doe defendants Plaintiff seeks to sue.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A.    Personal involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege facts showing that Defendants Martuscello, Summer, and Kopp were personally and directly involved in violating his federal constitutional rights. The Court therefore dismisses Plaintiff's federal claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint that alleges facts showing they were personally involved in violating his federal constitutional rights. Because any amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint, should be choose to file one.

**B.    Service on remaining named defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Hochul, Miller, James, Monroe, Green, Barnett, Garland, Ford, Boone, Lewis, Caldwell, Chance, Walker, Vargas, Slater, Encarnacion, and Jannierre, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.[3] The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.    *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the John/Jane Doe Sing Sing lieutenant and sergeant, and the John/Jane Doe civilian mess hall cooks that Plaintiff seeks to sue here. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of DOCCS, must ascertain the identity and, if applicable, badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be

---

[3] Plaintiff lists "Jane" as each defendant correction officer's first name, presumably because he does not know their first names. It is unclear from the complaint whether each correction officer is a female.

served. The Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint (blank form attached) naming the newly identified John and Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Martuscello, Kopp, and Summer for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Clerk of Court is directed to issue summonses for Hochul, Miller, James, Monroe, Green, Barnett, Garland, Ford, Boone, Lewis, Caldwell, Chance, Walker, Vargas, Slater, Encarnacion, and Jannierre, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the New York State Attorney General's Office at: Managing Attorney's Office, 28 Liberty Street, New York, NY 10005. An amended complaint form is attached to this order.

The Clerk of Court is also directed to mail an information package and this Order to Plaintiff and to show service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated    March 9, 2026
         White Plains, New York

                                        _____
                                        NELSON S. ROMÁN
                                        United States District Judge

6

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.     Governor Kathy Hochul
       New York State Capitol Building
       Albany, NY 12224

2.     Correction Officer Miller
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

3.     Correction Officer Boone
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

4.     Correction Officer James
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

5.     Correction Officer Encarnacion
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

6.     Correction Officer Monroe
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

7.     Correction Officer Green
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

8.     Correction Officer Garland
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

9.     Correction Officer Ford
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

10.    Correction Officer Lewis
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

11.    Correction Officer Caldwell
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

12.    Correction Officer Chance
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

13.    Correction Officer Celeste Rachel Jannierre
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

14.    Correction Officer Walker
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

15.    Correction Officer Vargas
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

16.    Correction Officer Slater
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

17.    Correction Officer Barnett
       Sing Sing Correctional Facility
       354 Hunter Street
       Ossining, NY 10562

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name              Middle Initial        Last Name

_____

Street Address

_____

County, City                      State                Zip Code

_____

Telephone Number                  Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                   State                Zip Code

Defendant 2:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                   State                Zip Code

Defendant 3:

First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                   State                Zip Code

Defendant 4:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address | | |
|---|---|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7